The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Richard Ford. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The Industrial Commission has jurisdiction of the parties and the subject matter.
2. Warden Gary Dixon, Lt. Walker, Officer Henry and Officer N. Bagwell, named in the complaint, were employees of the North Carolina Department of Correction on March 17, 1993.
3. Records consisting of 57 pages.
***********
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On 5 March 1993 plaintiff Dwaine Wright was an inmate in the custody of defendant North Carolina Department of Correction housed in the A Block of Central Prison which is a high security confinement area.
2. Plaintiff had been moved from C Block to A Block on 5 March 1993 at his request because he was seeking circumstances to allow his return to the general population.
3. On or about 13 March 1993 inmate Jerry Thomas was transferred from C Block to A Block to a cell adjacent to the cell of plaintiff.
4. At that time plaintiff performed the duties of a janitor which included mopping the floor, cleaning the latrines, and carrying food trays.
5. On 15 January 1993 plaintiff wrote a letter to Warden Gary Dixon advising that his life was threatened due to correctional staff labeling him as a snitch.
6. On several occasions prior to 17 March 1993 plaintiff did consult with Lieutenant Walker with reference to a return to the general inmate population and a transfer to Nash County Correctional Unit because he believed his life was in danger.
7. On or about March 15, 1994, inmate Jerry Thomas was moved to Cell Block A where plaintiff was housed.
8. Jerry Thomas had been assigned to cell block C with plaintiff prior to his acts of outrageous behavior. Thomas was very dangerous. Thomas had stabbed one inmate causing serious injury and was implicated in the stabbing death of another inmate. Thomas had also written a letter threatening the life of the President of the United States. He was convicted of this charge and received a ten year sentence. On or about March 13, 1993 Thomas set fire to his cell. As a result of setting fire to his cell, Thomas was moved from cell block C to cell block A, where plaintiff was housed. Thomas had also been placed on fire restriction status. An inmate on this status is not allowed personal property because of the threat of danger he poses to himself and to others. Captain Salmon testified that he usually kept inmates on fire restriction status for a minimum of one week. Evidence was presented which tended to show that Thomas was on fire restriction status for only a few days prior to attacking plaintiff.
9. Despite his violent past, Thomas was given a razor to keep in his cell. Central Prison officials testified that the prison does not employ a check out/check in system for razors. Also, Central Prison officials testified that disposable razors are easily converted into weapons.
10. On March 17 1993 plaintiff was attacked by fellow inmate Jerry Thomas using a "shank" or homemade knife from a BIC razor resulting in physical injury to him requiring treatment at Wake Memorial Hospital for an extended period of time and subsequently at Central Prison Hospital until his return to the cell block on March 30 1993. Plaintiff was prescribed powerful pain medication and bears permanent scars from the assault.
11. After the stabbing incident, Thomas repeatedly stated that the reason he stabbed Plaintiff was because plaintiff was a snitch.
12. The personnel at Central Prison Warden Dixon, Lt. Walker, Officer Henry and Officer Bagwell, were advised and had notice from plaintiff or others prior to 17 March 1993 that plaintiff was at greater risk than the general inmate population of harm by reason of threats or otherwise to his person.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
1. Warden Gary Dixon, Lt. Walker, Officer Henry and Officer Bagwell were negligent in failing to supervise the actions of Jerry Thomas, thereby allowing him to use a "shank" as a weapon to cut the throat of plaintiff.
2. The negligence of the above named employees was the proximate cause of injuries sustained by plaintiff when he was assaulted by Jerry Thomas. Plaintiff has permanent scars and experienced pain and suffering as a result of the assault.
3. Plaintiff is entitled to an Award of Damages as a result of his injuries occasioned by the negligence of defendant's employees.
***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
ORDER
1. The Defendant, North Carolina Department of Correction shall pay to the Plaintiff, Dwaine Edward Wright, in the amount of$33,000.00.
2. Defendant shall pay the costs due this Commission.
 S/ ____________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ____________ THOMAS J. BOLCH COMMISSIONER
DISSENTING:
S/ ____________ DIANNE SELLERS COMMISSIONER
CMV/cnp/db